IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL TODD BAILEY                                                                              PLAINTIFF

v.                                              Civil No. 5:20-cv-05124

DR. ROBERT KARAS; and
NURSE JON BECKAM                                                                            DEFENDANTS

**ORDER**

Currently before the Court is Plaintiff's failure to comply with orders of the Court.

Plaintiff Michael Todd Bailey filed this 42 U.S.C. § 1983 action *pro se* on July 17, 2020. (ECF No. 1). In response to this Court's order, Plaintiff filed an Amended Complaint on July 30, 2020. (ECF No. 7). On August 19, 2020, Plaintiff filed a change of address notice indicating he had been released from custody. (ECF No. 11). That same day the Court entered an order directing Plaintiff to pay the $350.00 filing fee and $50 administrative fee or resubmit an *in forma pauperis* ("IFP") application which reflects his free-world financial status, no later than September 4, 2020. (ECF No. 12). The order informed Plaintiff that failure to do so would result in dismissal of this lawsuit. To date, Plaintiff has not paid the filing fee or submitted an IFP application and the order directing him to do so has not been returned to the Court as undeliverable.

On September 11, 2020, the Court ordered Plaintiff to show cause by September 28, 2020, as to why he failed to comply with the Court's previous order. (ECF No. 15). The order informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed. *Id.* To date, Plaintiff has not responded to the show cause order and the order has not been returned as undeliverable.

1

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 30th day of September 2020.

/s/ P.K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE